IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00189 SBA |
| Plaintiff. | **ORDER** |
| v. | |
| MICHAEL GREEN JOHNSON, et al., | [Docket No. 45] |
| Defendants. | |

This matter came before the Court on the United States' Appeal of Magistrate's Pre-Trial Release Order for Defendant Demetriz Lewis ("Appeal"). Having read and considered the papers filed in connection with this Appeal, the arguments advanced by the parties at the hearing, and being fully informed, the Court hereby GRANTS the United States' Appeal for the reasons set forth herein and on the record at the April 5, 2006 hearing.

## BACKGROUND

According to the March 13, 2006 Criminal Complaint, on or about November 23, 2005, the Government intercepted conversations between Defendant Demetriz Antoine Lewis ("Defendant") and co-defendant Bobby Ray Williams ("Williams"), alleged members of the Project Trojans gang, in which Williams and Defendant discussed the sale of cocaine. During the November 23, 2005 conversation, Williams also instructed Defendant to tell another co-defendant to bring Williams his gun. Additionally, on December 16, 2005, the Government intercepted conversations in which Williams directed Defendant to bring two ounces of cocaine to co-defendant Carl Gaitlin ("Gaitlin"). Further, on January 6, 2006, the Government intercepted a conversation in which Williams directed Defendant to get money from a woman to whom Williams was selling two ounces of methamphetamine. Defendant and Williams continued to discuss narcotics on February 14, 2006 and on February 18, 2006.

On March 13, 2006, Magistrate Judge Bernard Zimmerman signed a Criminal Complaint charging Defendant and fourteen others with a narcotics trafficking conspiracy. On March 16, 2006, Defendant appeared before Judge Zimmerman and requested a detention hearing before Magistrate Judge Brazil.

On March 28, 2006, Defendant appeared before Magistrate Judge Brazil for a detention hearing. At the hearing, the Government moved for detention on the grounds that Defendant was a danger to the community and a flight risk. Magistrate Judge Brazil ordered that Defendant be released to a residential alcohol treatment center following the posting of a $200,000 bond signed by seven individuals.[1] The Government immediately requested that the Order be stayed until 10:00 a.m. on March 29, 2006 to allow the Government to file an appeal.

On March 29, 2006, the Government filed the instant Appeal.

## LEGAL STANDARD

If a person is ordered released by a magistrate, the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release. 18 U.S.C. § 3145 (a). Motions to review or to amend bail orders by magistrate judges are reviewed de novo. United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990).

The Bail Reform Act requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c)(2); United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir.1985). The government must establish danger to the community under a clear and convincing standard and flight risk under a preponderance of the evidence standard. Motamedi, 767 F.2d at 1406. However, in cases involving narcotics offenses, the Bail Reform Act establishes a rebuttable presumption that the defendant is both a flight risk and a danger to the community. 18 U.S.C. § 3142(e). The presumption exists if there is "probable cause" that the defendant committed a narcotics offense for which a maximum term of imprisonment of ten years or more is prescribed. Id. A grand

---

[1] After Magistrate Judge Brazil issued his Order, Defendant was evaluated by the Senior Program Manager at Center Point and found to be eligible for the program.

2

jury indictment suffices to establish "probable cause" under 18 U.S.C. § 3142. <u>United States v. Vargas</u>, 804 F.2d 157 (1st Cir. 1986). Once the presumption is triggered, the defendant has the burden of producing or proffering evidence to rebut the presumption. <u>United States v. Hare</u>, 873 F.2d 796, 798 (5th Cir. 1989). However, the defendant only has the burden of producing rebutting evidence, not the burden of persuasion. <u>United States v. Reuben</u>, 974 F.2d 580, 586 (5th Cir. 1192).

If the defendant proffers evidence to rebut the presumption, the Ninth Circuit has identified several factors that the Court must take into account when determining whether pretrial detention is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, record concerning appearance at court proceedings, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g); <u>Motamedi</u>, 767 F.2d at 1407. In making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society. <u>Reuben</u>, 974 F.2d at 586.

**DISCUSSION**

In support of the instant Appeal, the Government argues that Defendant has not presented any facts sufficient to rebut the legal presumption that he is a danger to the community and a flight risk. In response, Defendant argues that the recommendation of Pretrial Services is sufficient evidence rebutting the presumption. Defendant also argues that the fact that Magistrate Judge Brazil recommended that Defendant be released to a residential alcohol treatment program, which is considered to be tantamount to a custodial setting, is sufficient to rebut the presumption.

The Court is not persuaded by Defendant's arguments. As an initial matter, it is undisputed that Center Point is not a secure facility. Thus, the Government's contention that Defendant could easily escape from the facility is of considerable concern to the Court. The Court is also not convinced, based on Defendant's extensive criminal history, and especially his prior probation violations, that the $200,000 bond is sufficient to ensure Defendant's appearances in Court.

Even if Defendant had presented sufficient evidence to rebut the presumption that he is a flight risk and danger to the community, however, the Court also finds that the Government has carried its burden of proof in establishing that detention is appropriate. Indeed, after considering the factors enumerated in 18 U.S.C. § 3142(g), it is apparent to the Court that the Government has established by clear and convincing evidence that Defendant is a danger and by a preponderance of the evidence that Defendant is a flight risk.

First, with respect to the nature and seriousness of the offense, the Government correctly notes that the grand jury has indicted Defendant for conspiring to distribute and possess with intent to distribute over 5 kilograms of cocaine, over 50 grams of cocaine base, over 500 grams of a mixture or substance containing cocaine base, and over 50 grams of pure methamphetamine. Due to Defendant's prior narcotics felony convictions, Defendant faces a mandatory minimum sentence of life imprisonment without release if the Government files an information alleging these convictions.[2] It is therefore undisputed that the charges Defendant is facing are of the utmost seriousness.

With respect to the weight of the evidence, despite the fact that this is the least important factor due to the early stage of the instant proceedings, it appears that the evidence against Defendant is extremely strong due to the wiretap interceptions. Although Defendant points out that he has not yet had access to the relevant discovery and that it is not "uncommon that some interpretations made to wiretap conversations in other cases have proven to be inaccurate," the Court agrees with the Government that the numerous wiretap interceptions constitute fairly weighty evidence.

As to Defendant's history and characteristics, it is of considerable import to the Court that Defendant's criminal history is extensive. In fact, Defendant's criminal history spans from 1993 to the present and consists of two felony narcotics trafficking convictions, two convictions relating to the possession of a firearm, one misdemeanor conviction for battery, and two very recent misdemeanor convictions for driving under the influence. As shown in the Government's Supplemental Filing, which includes detailed reports concerning Defendant's prior arrests, Defendant was also arrested in 1992 for false imprisonment, which included a violent assault on an ex-wife, and was arrested three times – in

---

[2] Even if Defendant had not sustained any prior convictions for a felony drug offense, he would still be facing a mandatory minimum sentence of not less than ten years imprisonment.

1 the period between 1995 and 1998 – for drug sales. Further, Defendant has repeatedly committed crimes 2 while on Court-ordered supervision such as probation. In fact, he committed the instant offense while 3 under a four-year term of probation.[3] Additionally, Defendant has failed to maintain any regular 4 employment and appears to have no financial resources of his own.

5 While Defendant admits that he has "made some mistakes" and urges the Court to note that he 6 has been a life-long resident of the Bay Area and has strong family ties, the Court is not persuaded that 7 this information is sufficient to overcome Defendant's troubling criminal history. While it is true that 8 twelve family members showed up in support of Defendant's release at the detention hearing, this speaks 9 only to the unconditional love and support that has been given to Defendant by his family. It does not 10 persuade the Court that Defendant is prepared, at this point in his life, to start living a law abiding life. 11 In fact, given the grave seriousness of the charges Defendant is facing, the Court is extremely concerned 12 that Defendant's family would ultimately, and unfairly, be forced to bear considerable financial 13 repercussions as a result of Defendant's actions. Similarly, the Court is troubled by the fact that the 14 recommendation that Defendant participate in a residential alcohol treatment program was suggested 15 by Pretrial Services, not Defendant. This casts doubt on the likelihood that Defendant will be receptive 16 to the program and either willing or able to comply with all of its conditions.

17 Finally, as to the dangerousness to the community factor, the Court agrees with the Government 18 that "Defendant has demonstrated throughout his life that he cannot conform his conduct to the law or 19 comply with the orders of a court." Further, as the Government states in its brief, "there is a serious 20 concern that if released he will continue to carry out any orders from co-defendant Williams to continue 21 to raise funds through narcotics trafficking or perhaps to intimidate any witnesses or informants that the 22 defendants can identify." Additionally, the Court is ever mindful of the Congressional finding that drug 23 offenders pose a special risk of flight and dangerousness to society. <u>Reuben</u>, 974 F.2d at 586.

24 Accordingly, the Court finds that the relevant factors, on balance, weigh heavily in favor of 25 detention. The requirement that Defendant reside in Center Point, which is not a secure facility, does

26

---

27 [3]Thus, while the fact that Defendant self-surrendered to the case agent suggests that Defendant 28 has an ability, if not a willingness, to abide by the law, it is clear that Defendant does not have a consistent record of doing so.

5

not sufficiently mitigate the possibility that Defendant may abscond.  As such, the Court finds that the Government has established by clear and convincing evidence that there are no conditions that would reasonably assure safety of the community.  The Government has also established by a preponderance of evidence that there are no conditions that would reasonably assure Defendant's appearances in court.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT the United States' Appeal of Magistrate's Pre-Trial Release Order for Defendant Demetriz Antoine Lewis [Docket No. 45] is GRANTED.

IT IS SO ORDERED.

Dated: 4/10/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge